

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 17, 2021**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL CHRISTOPHER HOLTON and | § | CASE NO. 19-50158-rlj13 |
| MICHELLE RAYE HOLTON, | § | |
| Debtors. | § | |

## MEMORANDUM OPINION

### I.

On July 1, 2019, Michael and Michelle Holton filed a chapter 13 bankruptcy petition. Their chapter 13 plan was confirmed on February 7, 2020. ECF No. 50.[1] Texas Fidelity, LLC is a secured creditor under the plan, holding a mortgage on the Holtons' primary residence. On September 9, 2020, the chapter 13 trustee ("Trustee") filed a notice certifying the case for dismissal ("Trustee's Notice") [ECF No. 59] because the Holtons had fallen behind on their plan payments. On October 21, 2020, Texas Fidelity filed a response in support of the Trustee's Notice ("Dismissal Response") [ECF No. 63] in which it expressed its concerns with the Holtons' arrearages on its mortgage, both those that precipitated the bankruptcy and those that

---

[1] "ECF No." hereinafter refers to the numbered docket entry on the Holtons' bankruptcy case, Case No. 19-50158.

1

accrued during the bankruptcy.  Texas Fidelity urged dismissal or conversion of the case to chapter 7.  On November 6, 2020, after the Holtons got current on their plan, the Trustee withdrew the Trustee's Notice.

On April 20, 2021, Texas Fidelity filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Notice of Fees") [ECF No. 68] seeking to recover $2,205.00 in attorneys' fees for services on the Dismissal Response.  In response, the Holtons filed their Motion to Determine Allowance of Postpetition Mortgage Fees, Expenses, and Charges ("Motion") [ECF No. 69] in which they demanded an itemization of the fees sought by Texas Fidelity and opposed their allowance "because the alleged actions taken were not necessary to protect Mortgagee."  ECF No. 69 at 3.  Texas Fidelity filed a response to the Motion ("First Response") [ECF No. 71] by which it argued for allowance of the fees and provided an itemization of the $2,205.00 sought.  Then, the day before the hearing on the matter, Texas Fidelity filed a second response to the Motion ("Second Response") [ECF No. 77] increasing its request for reimbursement to $3,340.00 for its attorney's services on both the Dismissal Response and the Motion; it also provided an itemization of the fees sought, asserting they comply with the Fannie Mae guidelines.

## II.

**A.    General Entitlement to Postpetition Fees**

The Holtons and Texas Fidelity agree that Texas Fidelity must be reimbursed for proper postpetition attorneys' fees and costs that it incurred.  General Order 2021-05, which governs chapter 13 cases filed in the Northern District of Texas, incorporates the right of the debtor's "Mortgage Lender"—the lender that is secured by the debtor's residence—to recover its incurred

attorneys' fees and expenses. General Order 2021-05 § 22. Section 22 of the General Order ensures compliance with Bankruptcy Rule 3002.1.[2]

The General Order requires that the Mortgage Lender file a notice "pursuant to Bankruptcy Rule 3002.1 (c) and (d) and subject to determination under (e)." General Order § 22(a). Rule 3002.1(c) requires the creditor to provide notice and itemization of all fees incurred no later than 180 days after the fees were incurred. Rule 3002.1(d) requires the creditor to file the notice as a supplement to its proof of claim through the proper official bankruptcy form. Rule 3002.1(e) requires the Court to, "after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law." The General Order states the Court should award fees based on the lesser of:

> (1) the maximum attorney's fees that Fannie Mae allows for legal work related to bankruptcy services provided on Fannie Mae whole mortgage loans reflected in the Fannie Mae *Servicing Guide* and
> (2) the actual amount paid or to be paid by the creditor to its attorney as reasonable compensation, without prejudice to the Trustee, the Debtor, or any other party contesting entitlement to the fees, or the reasonableness of the amount or mode of payment of the fees and expenses.

General Order § 22(b).

B.   **Texas Fidelity's Entitlement to Postpetition Attorneys' Fees**

Texas Fidelity filed its Notice of Fees as required by Rule 3002.1(d). The Notice of Fees was filed 181 days after the last day the fees were accrued, one day after the date required to provide notice under Rule 3002.1(c).[3] *See* ECF No. 71, Ex. 1. The General Order states "The

---

[2] "Bankruptcy Rule" or "Rule" hereinafter refers to the Federal Rules of Bankruptcy Procedure.
[3] The fees were incurred September 29, 2020 through October 21, 2020; the Notice of Fees was filed April 20, 2021, which is 181 days after October 21, 2020.

failure of a Mortgage Lender or HOA to comply with Bankruptcy Rule 3002.1 will result in the denial of any such fees and/or expenses." General Order § 22(a).

The Holtons object to the payment of attorneys' fees on the grounds that the fees were not itemized and the work done was not necessary; they did not object to the lateness of the filing. The fees and expenses accrued by Texas Fidelity were a direct result of the Holtons' continuing defaults. Despite the tardiness of Texas Fidelity's Notice of Fees, Texas Fidelity did, by its Second Response filed the day before the hearing, include an itemization of all of counsel's fees. The fees were accrued according to Fannie Mae's payment rate, as provided by the General Order at § 22(b). *See* ECF No. 77, Exs. 1–3.

Texas Fidelity's Second Response requested an additional $1,135.00 of attorneys' fees for responding to the Holtons' Motion. These fees were accrued largely because of Texas Fidelity's late-filed Notice of Fees that provided no itemization of the fees and expenses. Its proof of claim likewise had no itemization of fees.

Upon review of Texas Fidelity's fees and expenses, the Court disallows $650.00 of the total requested fees and expenses. Texas Fidelity is thereby allowed fees and expenses of $2,690.00 as reimbursable by the Holtons.

### End of Memorandum Opinion ###